UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chidi N. Anunka,

Plaintiff,

v.

Joan Campbell and
Minneapolis City Council,

Defendants.

Civil: 00-1030 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Plaintiff appeared pro se.
Scott Reeves, Esq., for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge for a hearing on August 4, 2000, on Defendants' Motion to Dismiss.

Defendants move to dismiss for lack of subject matter jurisdiction and based on the statute of limitations. At hearing, Plaintiff made known that he bases his claims on race and national origin discrimination. The Complaint, though not a model of clarity, indicates in its conclusion that Plaintiff believes Defendants singled him out for unfair treatment due to his race and national origin. Complaint at 4. The Court finds this sufficient to state claims of discrimination in violation of federal law, giving the Court subject matter jurisdiction over the case. See Haines v. Kerner, 404 U.S. 519 (1972) (per curiam); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (both explaining that courts are to construe pro se pleadings liberally).

Claims of racial and national origin discrimination provide subject matter jurisdiction, but they also present a statute of limitations problem for Plaintiff. Such claims are

FILED OCT 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

governed by 42 U.S.C. § 1983. The Supreme Court has directed that each st.ate's general or residual personal injury statute of limitations determines the limitations peri.d for such claims. Owens v. Okure, 488 U.S. 235, 249-50 (1989). Minnesota courts recognize that limitations period as six years. Berg v. Groschen, 437 N.W.2d 75, 249-50 (Minn. App. 1989); Minn. Stat. § 541.05 subd. 1(5). Because the incident giving rise to Plaintiff's claims occurred in early 1991 and the Complaint was not filed until April 21, 2000, the claims are barred by this six-year statute of limitations.

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss [#3] be **GRANTED**.

Dated: Oct. 2?, 2000

Franklin L. Noel
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.