**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

CHIDI N. ANUNKA, Civil No. 00-1030 (JRT/FLN)

Plaintiff,

v.

JOAN CAMPBELL and
MINNEAPOLIS CITY COUNCIL,

Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Chidi N. Anunka, Ebersen Inc., 910 Lynde Drive, P.O. Box 14597, Minneapolis, MN, 55414-0597, plaintiff *pro se.*

Richard Scott Reeves, Assistant City Attorney, MINNEAPOLIS CITY ATTORNEY'S OFFICE, 300 Metropolitan Center, 333 South Seenth Street, Minneapolis, MN, 55402-2453, for defendants.

Plaintiff brings this action against defendants alleging discrimination based on race and national origin in connection with their revocation of plaintiff's five taxicab licenses in February 1991. Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and based on the statute of limitations, which the Court referred to Chief United States Magistrate Judge Franklin L. Noel.

This matter is now before the Court on plaintiff's objections to the Report and Recommendation of the Magistrate Judge dated October 24, 2000. Plaintiff objects to the

FILED DEC 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. DEC 26 2000
DEPUTY CLERK

Magistrate Judge's recommendation that plaintiff's claims are barred by the statute of limitations[1]. The Court has conducted a *de novo* review of plaintiff's objection pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and grants defendants' motion to dismiss.

Plaintiff objects to the Court applying the statute of limitations in this case. He cites numerous factors that made it difficult for him to file the lawsuit within the six-year limitations period: 1) diminished income due to the loss of his taxicab licenses; 2) an IRS tax lien that took five years to remove from his record and 3) the time and financial burden to satisfy another lawsuit.

Essentially, plaintiff asks the Court to apply the doctrine of equitable tolling to prevent the statute of limitations from barring his claims. *See Franklin Auto Body Co. v. Wicker*, 414 N.W.2d 509, 512 (Minn. Ct. App. 1987) (recognizing the need to provide greater latitude and consideration to persons appearing *pro* se). To determine whether tolling is appropriate, the Court looks to Minnesota's equitable tolling principles. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985) (indicating that federal courts should apply the state's equitable tolling standard when it borrows that state's statute of limitations).

Under Minnesota law, tolling is appropriate where circumstances beyond the plaintiff's control prohibit him from serving his complaint within the statutory period. *See Anderson v. H-Window Co.*, No. C9-98-1103, 1999 WL 88953, at *3 (Minn. Ct. App.

---

[1] The Magistrate Judge determined that the Court has subject-matter jurisdiction over plaintiff's discrimination claims pursuant to 42 U.S.C. § 1983. No objection has been raised to this recommendation and the Court accordingly adopts it.

Feb. 23, 1999) (unpublished); *Ochs v. Streater, Inc.* 568 N.W.2d 858, 860 (Minn. Ct. App. 1997) (same). Equitable tolling "is an exception to the rule, and should therefore be used only in exceptional circumstances." *Anderson,* 1999 WL 88953 at *4 (quoting *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1330 (8th Cir. 1995)). The plaintiff bears the burden of showing the statute should be tolled. *Bartlett v. Miller & Schroeder Municipals, Inc.*, 355 N.W.2d 435, 441 (Minn. Ct. App. 1984) (citing *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980)).

In this case, plaintiff's circumstances fail to meet the standard for tolling the limitations period. The Court is sympathetic to the personal and financial hardships plaintiff has experienced over the past few years. However, while these circumstances made it more difficult for plaintiff to file a timely complaint, none of these circumstances rendered it beyond plaintiff's control to meet the statutory deadline.

None of the circumstances that typically warrant tolling the limitations period are present in this case. Plaintiff did not miss the deadline because he was led to believe he had done everything required of him to file a timely complaint. *See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984) (per curiam) (listing instances which make equitable tolling appropriate). There is also no evidence that defendants engaged in affirmative misconduct which lulled plaintiff into inaction nor is there evidence of inadequate notice. *Id.* Indeed, plaintiff was aware of his claim the moment his taxicab licenses were revoked in 1991, over eight years ago. *See Hamilton v. West,* 30 F.3d 992, 994 (8th Cir. 1994) (equitable tolling "doctrine is precluded once it is shown that the [plaintiff] was generally aware of [his] rights").

For these reasons, the Court declines to toll the limitations period and accordingly grants defendants' motion to dismiss.

## ORDER

Based on the foregoing and all of the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 12] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 11]. Accordingly, **IT IS HEREBY ORDERED** that defendants' motion to dismiss [Docket No. 3] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 26, 2000
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.